DENNIS, Judge.
This suit arose from a rear end collision between an automobile stopped for a traffic light and a following vehicle. The District Court rendered judgment in favor of the plaintiffs, who were occupants of the lead vehicle. Johnny Long, its driver, was awarded $849 for expenses caused by the accident, and Mrs. Juanita Long, his wife and guest passenger, was awarded $2,000 for her personal injuries. Plaintiffs appealed seeking an award for future medical expenses and an increase in the award for Mrs. Long’s injuries. Defendant, Dixie Auto Insurance Company, answered the appeal contending plaintiffs failed to prove its insured, Arthur Franklin, Jr., was the driver of the following vehicle, and alternatively, the award to. Mrs. Long was excessive. The trial judge’s conclusion that the accident was caused by the negligence of the driver of the following or rear vehicle has not been questioned.
It is undisputed that Dixie Auto Insurance Company issued a public liability policy to Arthur Franklin, Jr., listing his address as 1442 Milam Street, Shreveport, Louisiana and describing the owned automobile designated therein as a 1969 Pontiac two door hardtop Tempest. It is also undisputed that the rear vehicle in the accident in question fitted the description of such an automobile and that the policy was in effect at the time of the accident. However, service was not obtained upon Franklin, he was not present at the trial, and he was not cast in judgment. Defendant, Dixie Auto Insurance Company, argues that the circumstantial evidence amassed by plaintiffs failed to carry their burden of proving that Arthur Franklin, Jr., the named insured in defendant’s policy, was driving the rear vehicle at the time of the accident.
There is no conflict in the evidence adduced by the plaintiffs. Mr. Barney M. Overall, an eyewitness to the accident, testified that after the accident he heard the driver of the rear vehicle identify himself to the investigating officer as “Arthur Franklin”. Charles W. Harper, investigating officer, testified that when he asked the driver of the rear vehicle for identification, the driver produced a receipt of a reinstatement request from the Drivers License Bureau naming “Arthur Franklin, Jr.” as the applicant. In response to the officer’s request for proof of ownership, the driver of the rear’ vehicle produced a pink slip which indicated the automobile was registered in the name of “Arthur *803 Franklin, Jr.” Following the accident, Officer Harper charged Arthur Franklin, Jr. of 1442 Milam Street with driving while intoxicated and driving under revocation. Harper testified that he saw the same man appear in City Court in reference to these charges where he again produced the receipt of his application for reinstatement of his driver’s license. Also, by this time he had obtained his license which he presented to the judge. As a result, the charge for driving under revocation was dropped. Mr. Long was also present at the City Court prosecution, and testified that the defendant therein was the same man that was driving the automobile that collided with the rear end of his automobile.
Defendant failed to introduce any evidence controverting the testimony of the plaintiffs’ witnesses or the probable inferences which may be drawn therefrom. Accordingly, we conclude, as did the trial judge, that plaintiffs proved by a preponderance of the evidence that Arthur Franklin, Jr., the defendant’s insured, was driving the rear vehicle at the time of the accident, and that this vehicle was the same one described in defendant’s policy issued to Franklin. Hence, defendant’s policy afforded coverage for the accident, and the remaining issues concern the amount and elements of quantum.
Mrs. Long was first seen by Dr. B. R. Siébenlist, her family physician, in the Willis-Knighton emergency room on Sep-' tember 6, 1972 immediately after the accident, Dr. Siebenlist did not testify, but he apparently diagnosed and treated her for an acute cervical strain until October 25, 1972, at which time he referred her to Dr. Harold Bicknell, an orthopedic surgeon. Dr. Bicknell testified that Mrs. Long had sustained an acute muscular ligamentous sprain to the cervical spine area at the time of her accident approximately six weeks before his first examination. Dr. Bicknell prescribed muscle relaxants, some cervical traction, moist heat, a hydroculator pack, and physical therapy. To what extent these treatments were employed is not clear, but Dr. Bicknell testified that she was still in his care at the time of the trial on February 1, 1974. However, Dr. Bicknell did not detect any objective signs of injury during his treatment and was of the opinion that with continued conservative management for an indefinite period, Mrs. Long would be likely to recover without residual disability. Dr. Bicknell’s findings and diagnosis were substantially confirmed by defendant’s orthopedist, Dr. A. E. Dean, Jr., who examined Mrs. Long on October 31, 1973. On June 26, 1973, Dr. Bicknell referred Mrs. Long to Dr. Loyd C. Megison for a neurological examination and evaluation. He confirmed that she had sore neck muscles and pain on movement of the neck. However, the only evidence of nerve root compression he found was a minimal decrease in sensation on the thumb and index finger pad on the right side. Otherwise, Dr. Megison stated, her neurological examination was normal.
In view of the evidence, we find no abuse of discretion on the part of the trial court in its award for Mrs. Long’s injuries, and we agree with the court below that plaintiffs failed to prove with sufficient certainty their need for future medical treatment as a result of the accident.
The judgment of the trial court is affirmed. Costs of the appeal will be assessed one-half against the defendant and one-half against the plaintif fs.